GEORGE PERRETT v. JOSEPH YARSDORFER ET AL.

*The Burden of proving Fraud as a Defense is on the Mortgager.*

The burden of proving fraud alleged as a defense to a mortgage is on the mortgager.

Where, in order to save costs, a mortgage was released as to some land already encumbered to more than its value and

·under foreclosure, it can hardly be said that the security of those who claimed subrogation was decreased.

Appeal from Calhoun. Submitted Oct. 25. Decided Nov. 1.

FORECLOSURE. The facts are stated in the opinion.

*Jas. A. Miner* and *F. A. Stace* for complainant. The party alleging fraud has the burden of proving it both at law and in equity, *Coulson v. Coulson,* 5 Wis., 79; *Flint v. Jones,* 5 Wis., 424; *Buck v. Sherman,* 2 Doug. (Mich.), 176; *Baldwin v. Buckland,* 11 Mich., 389; *Hubbard v. Taylor,* 5 Mich., 155; *Orr v. Lacey,* 2 Doug. (Mich.), 230; *Watkins v. Wallace,* 19 Mich., 57; *Robert v. Morrin,* 27 Mich., 306.

*Willis S. Geer* and *James N. Robinson* for defendants and appellants.

CAMPBELL, J. Perrett filed a bill as assignee of one Mosher to foreclose a mortgage given by the Yarsdorfers in 1859 to secure the sum of $275 and interest. This mortgage was given as collateral to another given by one Finch and wife on premises upon which the Yarsdorfers were then living, and upon another lot in Eaton county, for a somewhat larger amount, dated in 1856 and payable in 1861.

The Yarsdorfers complain of this mortgage as having been obtained without consideration and under fraud and pressure.

The first mortgage contained a lien on a lot in Eaton county, which was released by Mosher just before the Yarsdorfer mortgage was obtained, and it is claimed this was in fraud of them, as it decreased their security under the Finch mortgage, to which they claim a right to be subrogated. It appears, however, that the Eaton county lot was mortgaged by older mortgages to more than its value, and was in process of foreclosure, and that the release was given to save costs. We do not think there was any wrong in this.

As to the circumstances under which the Yarsdorfer

mortgage was made, the facts are left in very great uncertainty. The burden of proof is on the mortgagors to make out the fraud. It appears affirmatively that Mosher held the Finch mortgage, and that the Yarsdorfers threatened to set up adverse claims. Mosher thereupon expressed his determination to test his rights by legal process. Negotiations followed whereby Mosher threw off a part of his demand and extended payment about three years, and the Yarsdorfers then executed the mortgage in suit.

We find no evidence of any fraud or coercion, and we are not informed by any of the parties concerning the real circumstances which operated on their minds. The witnesses are singularly careful to give as little information as possible. There is nothing to satisfy us that they did not act with their eyes open.

We do not think it necessary to refer at large to the facts, as it must be presumed in the absence of any proof to the contrary that these parties had their own reasons for desiring time and that the reduction of the debt was a sufficient inducement with the extension to make it worth their while to give the new security. There is not the slightest proof of intimidation, and from what we can judge of the parties from their testimony, we do not think it certain that any attempt to intimidate would have succeeded.

The decree must be affirmed with costs.

COOLEY, C. J., and GRAVES J., concurred.

MARSTON, J., did not sit in this case.